# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AVNET, INC., | Case No. 2:13-cv-00929-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Mtn for Ext'n and Svs by Pub'n - Dkt. #15) |
| AVANA TECHNOLOGIES INC., | |
| Defendant. | |

This matter is before the court on Plaintiff Avnet, Inc.'s Ex Parte Motion for Extension of Time to Serve the Summons and Complaint and for Leave to Serve by Publication (Dkt. #15) filed September 17, 2013. The court has considered the Motion and the supporting Declaration of Jonathan W. Fountain (Dkt. #15-1).

Plaintiff seeks an order permitting it to serve Defendant Avana Technologies Inc. by publication pursuant to Rule 4(e)(1) of the Federal and Nevada Rules of Civil Procedure and for an extension of time in which to serve Defendant pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Plaintiff filed its Complaint (Dkt. #1) on May 24, 2013, alleging claims under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). Plaintiff asserts that although Defendant conducts business in Nevada, there is no listing for it with the Nevada Secretary of State's online database. Defendant is a California corporation, and California's Secretary of State lists Mr. Robert Gebrehiwot as Defendant's registered agent. Additionally, Plaintiff believes Mr. Gabriel Avana is Defendant's owner. Plaintiff has been unable to serve Mr. Gebrehiwot or Mr. Avana, despite attempting personal service twenty-one times at seven different addresses between May 29, 2013, and August 23, 2013. Plaintiff asserts that service by publication is appropriate, and it will also mail copies of the Summons and Complaint to all of the addresses it has previously attempted service to provide additional notice to Defendant.

Additionally, the 120-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure expires on September 21, 2013. If the court allows service by publication, that process takes at least four weeks, and Plaintiff will be unable to complete it before the September 21, 2013, deadline. Accordingly, Plaintiff requests an additional sixty-five days to complete service by publication.

**DISCUSSION**

Rule 4 of the Federal Rules of Civil Procedure governs service of summons, and it mandates that service of process must be made within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service of summons and complaint is not made in that time, the Rule provides that

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed on May 24, 2013. Thus, Plaintiff must serve process no later than September 21, 2013, in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

**II.   Request for Service by Publication.**

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows for service upon individuals within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id*. In Nevada, NRCP 4 governs service of process. Parties are required to personally serve summons and the complaint upon a defendant; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id.*

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. *See* NRCP 4(e)(1)(I). There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public

directories and family members.  *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990, *overruled on other grounds by NC-DSH, Inc.,* 218 P.3d 853, 862 (Nev. 2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In *Abreu*, the Nevada Supreme Court determined that plaintiff exercised due diligence in attempting service and could resort to service by publication.  985 P.2d at 747.  There, the plaintiff had made attempts to serve the defendant at his possible address on three occasions and had consulted telephone company directories to locate the defendant.  *Id*.  Here, Plaintiff has exercised due diligence in attempting to serve Defendant.  It has conducted searches in Nevada's and California's Secretary of State's databases, the Clark County Assessor's database, run a search for Defendant in google.com, conducted inquiries of people at the various addresses it discovered, and attempted service at seven different addresses on twenty-one separate occasions between May 29, 2013, and August 23, 2013.  *See generally* Affidavits of Due Diligence (Dkt. #15-2).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to Serve the Summons and Complaint and for Leave to Serve by Publication (Dkt. #15) is GRANTED.

2. Plaintiff shall have until **December 9, 2013,** in which to serve the Complaint and Summons upon Defendant Avana Technologies Inc. by publication.

Dated this 3rd day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE