UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AVNET, INC., | Case No. 2:13-cv-00929-GMN-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #24) |
| AVANA TECHNOLOGIES INC., | |
| Defendant. | |

This matter is before the court on Plaintiff Avnet, Inc.'s, Motion to File and Maintain Under Seal (Dkt. #24) filed July 30, 2014. Plaintiff seeks leave to file certain information in connection with its Motion for Default Judgment and Permanent Injunction. The court has considered the Motion.

The Motion seeks an order pursuant to LR 10-5(b) permitting Plaintiff to file invoices it received from its counsel to substantiate its claim for attorneys' fees in connection with dispositive motions, namely Plaintiff's Motion for Default and Motion for Permanent Injunction. Plaintiff contends the invoices "contain, among other things, detailed descriptions of legal work performed for Plaintiff which *may* contain privileged attorney work-product and/or attorney-client communications." Motion at 2:9-11 (emphasis added). Additionally, Plaintiff contends the invoices disclose the hourly rates charged by Plaintiff's counsel, and the rates are "competitively sensitive and confidential business information." Plaintiff asserts that public disclosure of its attorneys' hourly rates "*could* result in competing law firms undercutting the disclosed rates," and this "*could*" result in lost business opportunities. Motion at 2:15-17 (emphasis added).

/ / /

There is a strong presumption in favor of access to court records in the Ninth Circuit. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragresser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The presumption of access is not absolute, however, and can be overridden given sufficiently compelling reasons for doing so. *San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1102 (9th Cir. 1999). A party seeking to seal documents attached to dispositive motions must "articulate compelling reasons supported by specific factual findings" and show that the need for confidentiality outweighs "the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006). The movant must make this required particularized showing for each document it seeks to seal. *San Jose Mercury News,* 187 F.3d at 1103.

Because Plaintiff seeks to submit sealed documents in connection with dispositive motions, the court must apply the compelling reasons standard. *See generally Kamakana,* 447 F.3d 1178. In determining whether compelling reasons exist, the court should consider relevant factors, including the public's interest in understanding the judicial process and whether disclosure of the material could result in the material's improper use, whether for scandalous or libelous purposes or to infringe trade secrets. *See Foltz,* 331 F.3d at 1135 (citing *Hagestad,* 49 F.3d at 1434). The court "must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

Here, Plaintiff has not made the required particularized showing for each invoice entry it seeks to seal. Plaintiff has attached ten pages of invoices to the Declaration of Jonathan W. Fountain and forty-nine pages of invoices to the Declaration of Erin M. Hickey. A one-sentence assertion that these fifty-nine pages *may* contain privileged information is insufficient. Plaintiff is required, for each invoice entry, to set forth compelling reasons to seal. *San Jose Mercury News,* 187 F.3d at 1103. Plaintiff has not identified with any particularity which portions of the descriptions are likely to reveal litigation strategy or other privileged information. The court has reviewed the invoices. Descriptions of typical attorney tasks such as "review background material; work on drafting complaint," "correspond with local counsel re engagement and filing

1  of complaint," "correspond with opposing counsel re upcoming deadlines in case," "instruct re
2  revised pro hac vice form," or "email . . . re deadline for submission of certificates of interest
3  parties and status of service of process" do not reveal sensitive information or confidential
4  litigation strategy.  Plaintiff has not established compelling reasons to seal information in its
5  attorneys' billing invoices that merely disclose Plaintiff's filings in this case, for example
6  "drafting response to order to show cause" or "conduct legal research and analysis regarding
7  motion for default judgment."  Plaintiff has not identified which invoice entries contain material
8  protected by either the attorney-client or work product privilege doctrines.  Plaintiff has not
9  satisfied its burden of making a particularized showing of compelling reasons why the invoices
10 should be sealed on the basis of privilege.

11      The Ninth Circuit has held that fee information is generally not protected from
12 disclosure by the attorney-client privilege.  *See United States v. Blackmun,* 72 F.3d 1418, 1424
13 (9th Cir. 1995); *Federal Sav. And Loan Ins. Corp. v. Ferm,* 909 F.2d 372, 374 (9th Cir. 1990)
14 Representations that disclosure of its counsel's hourly rates *could* result in harm and *could* result
15 in lost business opportunities are insufficient.  Plaintiff has not established, by affidavit or
16 otherwise, that there is a "substantial probability" that such harm would result.  *See Foltz,* 331
17 F.3d at 1135.

18      Finally, to the extent that a sealing order is permitted, it must be narrowly tailored.  *See,
19 e.g., Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.,* 464 U.S. 501, 512 (1984).
20 There, the Supreme Court instructed that a sealing order should have been "limited to
21 information that was actually sensitive," that is only the parts of the material necessary to protect
22 the compelling interest.  *Id.*  Thus, even where a court determines that disclosure of information
23 may result in particularized harm, and the private interest in protecting the material outweighs
24 the public interest in disclosure, a court must still consider whether redacting confidential
25 portions of the material will leave meaningful information available to the public.  *See In re
26 Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (citing
27 *Foltz,* 331 F.3d at 1136-37).

28      The affidavit and invoices are submitted to support the Plaintiff's application for

1 attorneys' fees which requires the court to analyze the reasonableness of the fees requested
2 applying applicable law.
3 For all of these reasons,
4 **IT IS ORDERED:**  Plaintiff's Motion to Seal (Dkt. #24) is DENIED, and the Clerk shall
5 file the motion and its attachments on the public record.
6 Dated this 14th day of August, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE