UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AVNET, INC., | Case No. 2:13-cv-00929-GMN-PAL |
| Plaintiff, | ORDER |
| v. | (Objection – Dkt. #27) |
| AVANA TECHNOLOGIES INC., | |
| Defendant. | |

This matter is before the court on Plaintiff Avnet, Inc.'s Objection to Order Denying Motion to Seal (Dkt. #27), which the court will construe as a motion for reconsideration as the district judge has referred resolution of the merits of the motion to which it refers to me. The court has considered the request.

In an Order (Dkt. #26) entered , the court denied Avnet's Motion to Seal (Dkt. #24) certain invoices submitted in support of Avnet's request for attorneys' fees contained in the Motion for Default Judgment and Permanent Injunction (Dkt. ##47, 48). The Motion represented that the invoices "may contain privileged work product and/or attorney-client communications" and contained counsel's hourly rates, information counsel asserted was "competitively sensitive and confidential business information." Motion at 2:9-11, 15-17. Additionally, the Motion represented that disclosure of the hourly rate information could result in a loss of business. The court found Plaintiff had not made the particularized showing of compelling reasons required by the Ninth Circuit to seal the invoices. Further, the court found that many of the entries describe general attorney tasks and did not divulge any litigation strategy or confidential information. In addition, the court observed that as a general matter, attorney rates are not confidential.

1 Plaintiff has now identified which billing entries it considers to be privileged because they "reveal the specific nature of the services provided, such as the areas of the law . . . specific litigation strategy, attorney/client concerns and research into particular areas of law."  Plaintiff should have identified the particular compelling reason(s) that justify sealing each individual entry rather than making a blanket statement about multiple entries.  Additionally, counsel's failure to comply with its obligation to meet the compelling reasons standard has created unnecessary work for the court for which counsel are admonished.  However, the court has reviewed the specified entries and finds they may be sealed because they reveal Plaintiff's litigation strategy and the specific nature of the services provided by counsel.

With respect to the billing rates of counsel, Plaintiff's counsel now represents that the billing rates are negotiated rates between counsel and Plaintiff, and they are not generally known. Counsel cited an unpublished case from this district that held that in trademark/dress cases, attorney billing rates that are not generally known are competitively sensitive and warrant sealing.  *See, e.g., Mine O'Mine v. Calmese,* 2012 U.S. Dist. LEXIS 59077, at *10 (D. Nev. Apr. 16, 2012); *see also E&J Gallo Winery v. Proximo Spirits, Inc.,* 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012).  Here, however, both the Declaration of Jonathan W. Fountain (Dkt. #25-1) and the Declaration of Erin M. Hickey (Dkt. #25-2) that support the request for attorney's fees in the Motion for Default contradict the representations in the motion.  In them, counsel attest that "hourly rates charged for each attorney were the rates normally charged [by the law firm] at the time."  Declarations (Dkt. #25-1 at 2:17-19; Dkt. #25-2 at 2:13-14).  There is nothing in either Declaration to indicate that the hourly rates charged were negotiated or commercially sensitive. In light of the Declarations, the court finds Plaintiff has not established compelling reasons to seal the hourly rates.  *See, e.g., See United States v. Blackmun,* 72 F.3d 1418, 1424 (9th Cir. 1995) (fee information is generally not protected from disclosure by the attorney-client privilege); *Federal Sav. and Loan Ins. Corp. v. Ferm,* 909 F.2d 372, 374 (9th Cir. 1990) (same).
/ / /
/ / /

Finally, Plaintiff requests the court seal the Unredacted Documents[1] (Dkt. ##22, 23) and allow Plaintiff to file redacted versions in the public record. The Ninth Circuit has made clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011). Accordingly, the court will grant Plaintiff's request to file redacted versions of the invoices in the public record.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion to Reconsider (Dkt. #27) is GRANTED IN PART as follows:

    (a) The Clerk of Court shall seal the Unredacted Documents (Dkt. ##22, 23).

    (b) Plaintiff shall file redacted versions of the invoices, without redacting counsel's hourly rates, in the public record no later than **December 10, 2014.**

2. The Motion is DENIED in all other respects.

Dated this 3rd day of December, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Unredacted Documents are the fee invoices submitted in connection with the Declarations of Jonathan W. Fountain and Erin M. Hickey.